**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:12-cr-80211-ROSENBERG**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERENCE DEMETRIUS NESBITT,

    Defendant.

    _____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR A REDUCTION OF SENTENCE**

This cause comes before the Court upon Defendant Terence Demetrius Nesbitt's ("Nesbitt") Motion for a Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  DE 888.  Nesbitt seeks release from prison in light of the COVID-19 pandemic.  He presently is serving a 188-month sentence for possession with intent to distribute 28 grams or more of cocaine base.  *See* DE 445.  The Court has carefully reviewed Nesbitt's Motion for a Reduction of Sentence and the record and is otherwise fully advised in the premises.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute.  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Nesbitt contends that he exhausted administrative remedies by submitting a letter seeking compassionate release to the warden of FCI – Williamsburg, the prison in which he is confined, on May 5, 2020, to which he has received no response. DE 888 at 2. He did not attach a copy of the letter to his Motion for a Reduction of Sentence. Even if the Court accepts his contention that he has exhausted administrative remedies, the Court concludes that a sentence reduction is inappropriate.

Nesbitt is 42 years' old. He cites the COVID-19 pandemic and a "family history [that] includes a history of high blood pressure and type 2 diabetes" as the extraordinary and compelling reasons justifying his release from custody. *See id.* at 8. The Court notes, however, that Nesbitt does not state that he himself suffers from any particular medical condition. *See generally* DE 888.

As of the date of this Order, FCI – Williamsburg has had no confirmed COVID-19 cases. *See* https://www.bop.gov/coronavirus/ (last visited June 17, 2020). The Bureau of Prisons ("BOP") has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 17, 2020). These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing. *See id.*

The Court understands that Nesbitt has a legitimate concern that COVID-19 will spread to FCI – Williamsburg. However, the Court must view that concern in conjunction with the facts as best the Court is able to ascertain them. Those facts are that FCI – Williamsburg has had no confirmed COVID-19 cases and that the BOP has implemented mitigation measures in accordance with its role to protect the inmates within its facilities. The Court has been presented with no information that would indicate that these measures will be ineffective at FCI – Williamsburg. Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant a reduction of Nesbitt's sentence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Terence Demetrius Nesbitt's Motion for a Reduction of Sentence [DE 888] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of June, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record